UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-cv-22254-FAM

------------------------------------------------------------X
THE S.O. BEACH CORP., and LARIOS ON    :
THE BEACH, INC.                                                     :
                                                                                  :
        Plaintiffs,                                                 :
                                                                                  :
v.                                                                                :
                                                                                  :
GREAT AMERICAN INSURANCE                            :
COMPANY OF NEW YORK,                                    :
                                                                                  :
        Defendant.                                                :
------------------------------------------------------------X

### DEFENDANT, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S MOTION *IN LIMINE* TO EXCLUDE INTRODUCTION OF VIDEO RECORDING INTO EVIDENCE, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

Defendant, Great American Insurance Company of New York ("Great American"), by and through its undersigned counsel and pursuant to Local Rule 7.1 and Fed. Rs. Evid. 403 and 901, hereby submits this Motion *In Limine* to Exclude Introduction of Video Recording Into Evidence, and Incorporated Memorandum of Law in Support Thereof, stating as follows:

### BACKGROUND

Great American issued first-party commercial property policy no. MAC0479038-00 to Estefan Enterprises, Inc. for the March 1, 2013, through March 1, 2014 policy period (the "Subject Policy") for the insured premises located at 820 Ocean Drive, Miami Beach, Florida (the "Property").[1]  *See* [D.E. 1-2].  The Subject Policy was amended by way of endorsement to

---

[1] The Subject Policy covers additional properties other than the 820 Ocean Drive, Miami Beach, Florida Property. However, only the 820 Ocean Drive Property is involved in the subject claim.  *See, e.g.*, [D.E. 78], at ¶23.

include The S.O. Beach Corp. and Larios on the Beach, Inc. (collectively, "Plaintiffs") as additionally named insured entities. *See id.* In this action, Plaintiffs seek coverage under the Subject Policy for a loss at the Property. *See id.*, at Complaint ¶8.

During Great American's investigation and adjustment of the subject loss, on May 29, 2013, the insureds (now Plaintiffs in this action) submitted a video recording to Great American which purports to show "water running from a broken pipe in the crawl space under the first floor of the [Property]." *See* Exhibit A. The video was transmitted by Plaintiffs to Great American via a link included in an e-mail from Ricardo J. Dopico, Esq., Vice President, Estefan Enterprises, Inc., to Rick Butera, formerly an adjuster with Great American. *See id.* Other than the above-quoted description of what the video purports to show, the transmittal e-mail from Mr. Dopico to Mr. Butera includes no other information about the video, including who shot the video or when it was taken. *See id.* Similarly, Mr. Dopico's e-mail does not state what portion of the crawl space is purportedly shown in the video, notwithstanding that the crawl space under the Property spans at least two-thirds of the Property's 6,500 square foot footprint. *See id.*; *see also* [D.E.79-18], at p. 22, ln. 19 through p. 23, ln. 15; Exhibit B. In fact, there is no evidence that the video recording even depicts the Property at all. Moreover, the eleven second video recording includes no time-stamp, no way of ascertaining who shot it or whether it even depicts the Property, and shows an area significantly smaller than 4,333 square feet (approximately two-thirds of 6,500).[2]

---

[2] Great American believed and continues to believe that submitting the subject video as an exhibit to this motion will aid the Court in assessing the motion. Therefore, as the video recording cannot be electronically filed via CM/ECF, on January 2, 2018, Great American filed a motion for leave to file this motion *in limine* conventionally [D.E. 88], which remains pending. Great American is electronically filing this motion *in limine* on this date, without the video as an exhibit, to comply with the Court's deadline for filing motions *in limine* established by the Scheduling Order Setting Trial [D.E. 10]. And, Great American will abide by the Court's Order regarding its motion for leave to file conventionally [D.E. 88] in the event the Court grants Great American leave to re-file this motion, or only the subject video, conventionally.

In light of the above, Plaintiffs should be precluded from introducing the subject video recording as evidence at trial. The video recording has not been authenticated or properly identified, which precludes its admissibility. Additionally, introduction of the video recording as evidence would mislead the jury, also supporting its exclusion.

## ARGUMENT

I. **The Video Recording is Unauthenticated and Unidentified**

Federal Rule of Evidence 901 sets forth the requirements for authenticating or identifying an item of evidence. Rule 901 states in part:

> **(a) In General.** To satisfy the requirement of authentication or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

*See* Fed. R. Evid. 901. The subject video is not self-authenticating (*see* Fed. R. Evid. 902), and there is no evidence at all that the video is what the Plaintiffs claim it is, much less evidence to support a finding to this effect. Also, the contents of the video itself is of no aid in determining whether it depicts what Mr. Dopico claimed it depicts in his transmittal e-mail. *See* Ex. A; *see also* footnote 2, *supra*.

In fact, even Plaintiffs' disclosed rebuttal expert in this case, Dr. Youssef H. Hachem,[3] testified at deposition regarding the unauthenticated and unidentified nature of the video, and the video's inadequacy in illuminating the issues in this case. At his deposition, under questioning regarding the subject video, Dr. Hachem testified as follows:

Q: Do you know when that video was taken?

A: No.

Q: Do you know who took the video?

A: No.

---

[3] Great American is separately filing a *Daubert* motion seeking to preclude Dr. Hachem's testimony.

\*     \*     \*

Q	Now, you talked about you saw video showing cascading water.  Where was the water coming from?

A:	I don't know.

Q:	Did it appear to be a water supply line or something else?

A:	I could not tell from the video.

Q:	And do you know when the cascading water was first discovered?

A:	I don't know that.

Q:	Do you know how long the cascading water was occurring?

A:	I don't know that either.

\*     \*     \*

Q:	So is it fair to say you don't know whether the grade beam you saw in the video actually had a sill plate on it?

	MS. LI:	Form.

A:	I could not see in the video.

\*     \*     \*

Q	So what -- how much of the sill plates would actually get wet, then?

A:	It's -- I'm only specifically talking about the video that I saw.  At that particular time, at that particular location, there were about three to four feet.  I don't know what else was getting wet or what else was getting in contact with moisture.

Q:	Now, you say the water was spilling at a significant rate.  What do you mean by "significant rate"?

A:	It's like somebody has a hose open and spraying.

Q:	And is it possible that when the video was taken, someone could have been in the kitchen with a hose spraying the floor?

	MS. LI:	Form.

    A:       I wouldn't know.

    BY MR. WILSON:

    Q:       But it's certainly possible?

        MS. LI:      Form.

    A:       I guess it is possible, yeah.

    BY MR. WILSON:

    Q:       Do you know if it was hot water or cold water?

    A:       I don't.

    Q:       Would that have an impact on whether or not there would be decay within the crawl space?

        MS. LI:      Form.

    A:       Yes, it would.

    BY MR. WILSON:

    Q:       And what impact would that have?

    A:       The hotter the water, the more damage you get.

*See* [D.E. 77-3], at p. 9, ln. 23 through p. 10, ln. 1; p. 12, lns. 1-13; p. 13, lns. 16-20; p. 29, ln. 3 through p. 30, ln. 12.

In short, even Plaintiffs' rebuttal expert acknowledges the unauthenticated and unidentified, and thus unreliable, nature of the subject video recording. As such, the instant motion must be granted, precluding Plaintiffs from introducing the video as evidence at trial.

**II.**    <u>**Admission of the Video Recording Would Mislead the Jury**</u>

In addition to the video being unauthenticated and unidentified, the Court should preclude introduction of the video as evidence at trial for the additional reason that it would mislead the jury. As set forth in Federal Rule of Evidence 403:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: . . . misleading the jury . . .

*See* Fed. R. Evid. 403.

As the above-quoted testimony of Plaintiffs' rebuttal expert Dr. Hachem concedes, the video recording does not illuminate the central issues in this case, *i.e.*, when the loss that Plaintiffs seek insurance coverage for occurred, and what caused it. Dr. Hachem admitted that the video sheds no light on when the alleged cascading water was first discovered, or how long it was occurring. *See* [D.E. 77-3], at p. 12, lns. 8-13. Dr. Hachem further admitted that the source of the water is not evident from the video, and that in fact the source could have been someone spraying water from a hose in the Property's kitchen area. *See id.*, at p. 12, lns. 1-4; p. 29, lns. 16-24. Dr. Hachem also testified that the temperature of the water depicted in the video is unknown, a fact which impacts the amount of damage it would cause. *See id.*, at p. 30, lns. 1-12.

Further regarding the video, at his deposition, Dr. Hachem testified that the video shows water coming into contact with a grade beam, but that it is unclear whether that grade beam had a sill plate on it. *See id.*, at p. 13, lns. 16-20. Additionally, Dr. Hachem testified that even assuming there was a sill plate on the grade beam depicted in the video (in an unknown portion of the crawl space), only three to four feet of the sill plate's eighty foot length would be getting wet from the water shown in the video. *See id.*, at p. 28, ln. 9 through p. 29, ln. 10. This is significant because Plaintiffs' entire theory of the case relates to failure of the Property's sill plates, which allegedly led to collapse. *See* [D.E. 78], at p. 1. Yet, as conceded by Plaintiffs' own rebuttal expert, the subject video is unhelpful with regard to the sill plate issue.

In sum, the video is unhelpful with regard to sill plate issue, upon which Plaintiffs' entirety theory of the case rests. The video sheds no light on when the loss that Plaintiffs seek

insurance coverage for occurred or what caused it, as it is unknown when the video was shot, when the water depicted in the video was first discovered, what its source was, how long it was flowing, or what its temperature was.  For these reasons, introducing the video at trial would mislead the jury, a danger which substantially outweighs the video's admittedly nil probative value.  As such, Plaintiffs must be precluded from introducing the video as evidence at trial.

**WHEREFORE**, defendant, Great American Insurance Company of New York, respectfully requests that the Court grant this motion and preclude Plaintiffs from introducing the video as evidence at trial, and grant such other and further relief as the Court deems necessary and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for movant hereby certifies that he has conferred with counsel for Plaintiffs regarding this motion and the relief sought herein, but the parties have been unable to resolve the issues.

Dated:  January 5, 2018

                    MOUND COTTON WOLLAN & GREENGRASS LLP

By:    s/ Lionel F. Rivera
       William D. Wilson, Esq. (Fla. Bar No. 71202)
       wwilson@moundcoton.com
       30A Vreeland Road
       Florham Park, NJ 07932
       Tel. (973) 494-0600
       Fax (973) 242-4244

       Brian M. McKell, Esq. (Fla. Bar No. 975753)
       bmckell@moundcotton.com
       Lionel F. Rivera, Esq. (Fla. Bar No. 88795)
       lrivera@moundcotton.com
       Brooke D. Oransky, Esq. (Fla. Bar No. 113049)
       boransky@moundcotton.com
       101 N.E. Third Avenue, Suite 1500
       Fort Lauderdale, FL 33301
       Tel. (954) 467-5800
       Fax (954) 467-5880

       *Counsel for Defendant,*
       *Great American Ins. Co. of New York*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 17-cv-22254-FAM

------------------------------------------------------------X
THE S.O. BEACH CORP., and LARIOS ON  :
THE BEACH, INC.                                                    :
                                                                                :
            Plaintiffs,                                                     :
                                                                                :
v.                                                                             :
                                                                                :
GREAT AMERICAN INSURANCE                               :
COMPANY OF NEW YORK,                                       :
                                                                                :
            Defendant.                                                   :
------------------------------------------------------------X

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on January 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

    s/ Lionel F. Rivera
    Lionel F. Rivera, Esq. (Fla. Bar No. 88795)
    lrivera@moundcotton.com
    Mound Cotton Wollan & Greengrass LLP
    101 N.E. Third Avenue, Suite 1500
    Fort Lauderdale, FL 33301
    Tel. (954) 467-5800
    Fax (954) 467-5880
    *Counsel for Defendant,*
    *Great American Ins. Co. of New York*

## SERVICE LIST

**The S.O. Beach Corp., et al. v. Great American Ins. Co. of New York**

**CASE NO.: 17-cv-22254-FAM**

**United States District Court, Southern District of Florida**

Stephen A. Marino, Jr.
Arya Attari Li
Ver Ploeg & Lumpkin, P.A.
100 S.E. Second Street, 30th Floor
Miami, FL 33131
Tel. (305) 577-3996
Fax (305) 577-3558
*Counsel for Plaintiffs,*
*The S.O. Beach Corp., and*
*Larios on the Beach, Inc.*