**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO.: 17-cv-22254-FAM

```
-----------------------------------------------------------X
THE S.O. BEACH CORP., and LARIOS ON      :
THE BEACH, INC.                           :
                                          :
            Plaintiffs,                   :
                                          :
v.                                        :
                                          :
GREAT AMERICAN INSURANCE                  :
COMPANY OF NEW YORK,                      :
                                          :
            Defendant.                    :
-----------------------------------------------------------X
```

**DEFENDANT, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S
MOTION *IN LIMINE* TO EXCLUDE REFERENCES, ARGUMENT, TESTIMONY,
AND EVIDENCE REGARDING POLICIES ISSUED BY DEFENDANT TO
PLAINTIFFS OTHER THAN THE SUBJECT POLICY, AND INCORPORATED
MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, Great American Insurance Company of New York ("Great American"), by and through its undersigned counsel and pursuant to Local Rule 7.1 and Fed. Rs. Evid. 401 and 403, hereby submits this Motion *In Limine* to Exclude References, Argument, Testimony, and Evidence Regarding Policies Issued by Defendant to Plaintiffs Other Than the Subject Policy, and Incorporated Memorandum of Law in Support Thereof, stating as follows:

**BACKGROUND**

Great American issued first-party commercial property policy no. MAC0479038-00 to Estefan Enterprises, Inc. for the March 1, 2013, through March 1, 2014 policy period (the "Subject Policy") for the insured premises located at 820 Ocean Drive, Miami Beach, Florida

(the "Property").[1]  *See* [D.E. 1-2].  The Subject Policy was amended by way of endorsement to include The S.O. Beach Corp. and Larios on the Beach, Inc. (collectively, "Plaintiffs") as additionally named insured entities.  *See id.*

In this action, Plaintiffs seek coverage under the Subject Policy, and only under the Subject Policy, for a loss at the Property.  In their Complaint, Plaintiffs allege that the policy under which they seek coverage is "Policy no. MAC0479038-00" issued by Great American "with effective dates from March 1, 2013 through March 1, 2014", *i.e.*, the Subject Policy.  *See id.*, at Complaint ¶8.  No other insurance policy issued by Great American to Plaintiffs is in any way referenced in Plaintiffs' Complaint, and only the Subject Policy is attached to Plaintiffs' Complaint.  Moreover, Plaintiffs at no time filed a motion seeking to amend their Complaint in this case, and the September 11, 2017 deadline to amend pleadings established by the Court's Scheduling Order Setting Trial [D.E. 10] has passed.

Notwithstanding the contents of their operative pleading in this case - their Complaint - in their Motion for Partial Summary Judgment [D.E. 78], Plaintiffs include references to two insurance policies issued by Great American to Plaintiffs, each one of which was issued for an annual policy period preceding the March 1, 2013, through March 1, 2014 policy period of the Subject Policy.  *See* [D.E. 78], at ¶¶19-21.  One of these prior policies was issued by Great American to Plaintiffs for the March 1, 2011 through March 1, 2012 policy period, and the other was issued by Great American to Plaintiffs for the March 1, 2012 through March 1, 2013 policy period (jointly, the "2011 and 2012 Policies").  *See* [D.E. 76], at p. 2.

In light of the aforementioned references to the 2011 and 2012 Policies included in Plaintiffs' Motion for Partial Summary Judgment, if this matter is not resolved via summary

---

[1] The Subject Policy covers additional properties other than the 820 Ocean Drive, Miami Beach, Florida Property. However, only the 820 Ocean Drive Property is involved in the subject claim.  *See, e.g.*, [D.E. 78], at ¶23.

judgment and proceeds to trial, at trial Plaintiffs may attempt to make references to, advance arguments regarding, and/or introduce testimony and/or evidence concerning the 2011 and 2012 Policies.[2] However, such efforts by Plaintiffs would be improper, and for the reasons set forth below, this Court should grant this motion *in limine* and exclude references, argument, testimony, and evidence regarding the 2011 and 2012 Policies.

## ARGUMENT

### I. The Existence and Contents of the 2011 and 2012 Policies are Irrelevant in this Action

Federal Rule of Evidence 401 sets out the test for relevancy of evidence. This Rule states:

Evidence is relevant if:

**(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and

**(b)** the fact is of consequence in determining the action.

*See* Fed. R. Evid. 401. Moreover, Federal Rule of Evidence 402 unequivocally states that "[i]rrelevant evidence is not admissible." *See* Fed. R. Evid. 402.

As discussed above, in this action, as pled in their Complaint, Plaintiffs seek coverage under the Subject Policy, and only under the Subject Policy, for a loss at the Property. *See* [D.E. 1-2], at Complaint ¶8. Therefore, in its Answer and Affirmative Defenses to Plaintiffs' Complaint [D.E. 3], Great American's policy-based defenses were limited to the content of the Subject Policy. *See* [D.E. 3], at ¶8; *see also id.* at Second through Fourteenth, Sixteenth Defenses. Accordingly, only the existence and contents of the Subject Policy is relevant in the instant action, as the existence and contents of the 2011 and 2012 Policies have no impact on

---

[2] In its opposition to Plaintiffs' Motion for Partial Summary Judgment [D.E. 78], Great American will address why the Court cannot consider the 2011 and 2012 Policies in assessing Plaintiffs' motion.

whether Plaintiffs' loss is covered under the Subject Policy, and are of no consequence in determining that issue.

In fact, as Florida federal courts have routinely recognized in the discovery context, "the claims set forth in Plaintiff's [operative] Complaint" and the defenses thereto "dictate the scope of discovery, and [parties] ha[ve] a right to seek discovery regarding all issues relating to the causes of actions set forth in the [operative] Complaint" and the defenses. *See Spano v. Satz*, No. 09-60255-CIV-ZLOCH/ROSENBAUM, 2010 WL 11515691, at *6 (S.D. Fla. May 12, 2010). In other words, the pleadings in a case "govern the scope of discovery . . . " *See id.*; *see also Shanen v. Assurity Life Ins. Co.* No. 11-80273-Civ-Hurley/Hopkins, 2011 WL 13228103, at * 6 (S.D. Fla. Aug. 7, 2011) (citation omitted) ("the allegations of the pleadings and the issues in the case determine the scope of discovery.").

In an insurance coverage dispute, such as the case at bar, the above-discussed relevancy rules mean that only the existence and contents of the policy under which a plaintiff seeks coverage, as alleged in its Complaint, is relevant. Such has been the holding of federal courts in other jurisdictions. *See Mount Vernon Fire Ins. Co. v. J&S Builders of Long Island City, Inc.*, No. 97 Civ. 5709(DLC), 1998 WL 318696, at *3 (S.D.N.Y. June 16, 1998) ("Of course, any arguments based on those other policies are irrelevant in this case, inasmuch as Mount Vernon's narrowly tailored Complaint seeks only a declaration as to its obligations under 'policy number CL 2052406 . . . '"); *see also Monroe Guar. Ins. Co. v. Radwan Brown & Co., PSC.*, No. 5:09-cv-247-JBC, 2010 WL 1643777, at *6-*7 (E.D. Ky. Apr. 21, 2010) (finding that interrogatory that sought information concerning all policies issued by insurer to insured, rather than only the policy at issue in the action, sought irrelevant information).

It cannot be disputed that in their Complaint in this case, Plaintiffs have only alleged that they seek coverage under the Subject Policy, and that they have only attached the Subject Policy to their Complaint. *See* [D.E. 1-2]. The Complaint includes no reference to and does not attach the 2011 and 2012 Policies. *See id.* Accordingly, the Court should grant the instant motion, and Plaintiffs should be precluded from referencing, presenting argument regarding, and introducing testimony and/or evidence concerning the 2011 and 2012 Policies.

II. **Allowing References to the 2011 and 2012 Policies at Trial Would Prejudice Great American**

Even assuming *arguendo* that the existence and contents of the 2011 and 2012 Polices are relevant (which Great American disputes), this Court should exclude all references to the 2011 and 2012 Policies on prejudice grounds. Fed. R. Evid. 403 states in part:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice . . .

*See* Fed. R. Evid. 403.

Allowing Plaintiffs to inject issues relating to the 2011 and 2012 Policies into trial would unfairly prejudice Great American. As noted above, in its Answer and Affirmative Defenses to Plaintiffs' Complaint [D.E. 3] in this case, Great American's policy-based defenses are limited to the content of the Subject Policy, and do not relate to the 2011 and 2012 Policies. *See* [D.E. 3], at ¶8; *see also id.* at Second through Fourteenth, Sixteenth Defenses. In this same vein, the written discovery propounded by Great American upon Plaintiffs defined "Policy" as and sought information in reference to the Subject Policy, and not in reference to the 2011 and 2012 Policies. *See* Exhibits A and B. As such, a trial which includes issues relating to the 2011 and 2012 Policies would amount to a trial by surprise and ambush, an outcome which runs in contravention of the purpose of discovery. *See Lee-Bolton v. Koppers Inc.*, No: 1:10-cv-253-

MCR-GRJ, 2015 WL 11111046, at *2 (citation and internal quotation marks omitted) ("the purpose of the discovery process [is] to allow the parties to elicit the true facts of a case before trial."). This cannot be allowed, and as such, the instant motion must be granted.

**WHEREFORE**, defendant, Great American Insurance Company of New York, respectfully requests that the Court grant this motion and preclude Plaintiffs from referencing, presenting argument regarding, and introducing testimony and/or evidence concerning the 2011 and 2012 Policies at trial, and grant such other and further relief as the Court deems necessary and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for movant hereby certifies that he has conferred with counsel for Plaintiffs regarding this motion and the relief sought herein, but that the parties have been unable to resolve the issues.

Dated: January 5, 2018

MOUND COTTON WOLLAN & GREENGRASS LLP

By: s/ Lionel F. Rivera
William D. Wilson, Esq. (Fla. Bar No. 71202)
wwilson@moundcoton.com
30A Vreeland Road
Florham Park, NJ 07932
Tel. (973) 494-0600
Fax (973) 242-4244

Brian M. McKell, Esq. (Fla. Bar No. 975753)
bmckell@moundcotton.com
Lionel F. Rivera, Esq. (Fla. Bar No. 88795)
lrivera@moundcotton.com
Brooke D. Oransky, Esq. (Fla. Bar No. 113049)
boransky@moundcotton.com
101 N.E. Third Avenue, Suite 1500
Fort Lauderdale, FL 33301
Tel. (954) 467-5800
Fax (954) 467-5880

*Counsel for Defendant,*
*Great American Ins. Co. of New York*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 17-cv-22254-FAM

---------------------------------------------------------X
THE S.O. BEACH CORP., and LARIOS ON :
THE BEACH, INC. :
                                                                    :
                Plaintiffs,                                  :
                                                                    :
v.                                                               :
                                                                    :
GREAT AMERICAN INSURANCE        :
COMPANY OF NEW YORK,              :
                                                                    :
                Defendant.                                 :
---------------------------------------------------------X

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

    s/ Lionel F. Rivera
    Lionel F. Rivera, Esq. (Fla. Bar No. 88795)
    lrivera@moundcotton.com
    Mound Cotton Wollan & Greengrass LLP
    101 N.E. Third Avenue, Suite 1500
    Fort Lauderdale, FL 33301
    Tel. (954) 467-5800
    Fax (954) 467-5880
    *Counsel for Defendant,*
    *Great American Ins. Co. of New York*

## SERVICE LIST

**The S.O. Beach Corp., et al. v. Great American Ins. Co. of New York**

**CASE NO.: 17-cv-22254-FAM**

**United States District Court, Southern District of Florida**

Stephen A. Marino, Jr.
Arya Attari Li
Ver Ploeg & Lumpkin, P.A.
100 S.E. Second Street, 30th Floor
Miami, FL 33131
Tel. (305) 577-3996
Fax (305) 577-3558
*Counsel for Plaintiffs,*
*The S.O. Beach Corp., and*
*Larios on the Beach, Inc.*