**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 17-cv-22254-FAM

---------------------------------------------------------X
THE S.O. BEACH CORP., and LARIOS ON   :
THE BEACH, INC.                                             :
                                                                        :
        Plaintiffs,                                              :
                                                                        :
v.                                                                     :
                                                                        :
GREAT AMERICAN INSURANCE                     :
COMPANY OF NEW YORK,                             :
                                                                        :
        Defendant.                                               :
---------------------------------------------------------X

**DEFENDANT, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS' INTRODUCTION OF EVIDENCE REGARDING THE CAUSE OF THE SUBJECT LOSS, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, Great American Insurance Company of New York ("Great American"), by and through its undersigned counsel and pursuant to Local Rule 7.1, Fed. Rs. Evid. 701 and 702, and Fed. R. Civ. P. 26, hereby submits this Motion *In Limine* to Preclude Plaintiffs' Introduction of Evidence Regarding the Cause of the Subject Loss, and Incorporated Memorandum of Law in Support Thereof, stating as follows:

**BACKGROUND**

Great American issued first-party commercial property policy no. MAC0479038-00 to Estefan Enterprises, Inc. for the March 1, 2013, through March 1, 2014 policy period (the "Subject Policy") for the insured premises located at 820 Ocean Drive, Miami Beach, Florida

(the "Property").¹  *See* [D.E. 1-2].  The Subject Policy was amended by way of endorsement to include The S.O. Beach Corp. and Larios on the Beach, Inc. (collectively, "Plaintiffs")² as additionally named insured entities.  *See id.*  And, in this action, Plaintiffs seek coverage under the Subject Policy for a loss involving damage to the Property.  *See id.*

On August 15, 2017, the Court issued its Scheduling Order Setting Trial (the "Scheduling Order") [D.E. 10] in this case.  The Scheduling Order did not establish deadlines for the Parties' exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures and reports and rebuttal expert disclosures and reports.  Therefore, the Parties mutually agreed to exchange expert disclosures and reports by October 30, 2017, and to exchange rebuttal expert disclosures and reports by November 17, 2017.  *See* [D.E. 51], at ¶¶1-2.

On October 30, 2017, Great American disclosed four experts, and timely served their reports upon counsel for Plaintiffs that same day.  *See id.*, at ¶3.  By contrast, Plaintiffs did not disclose any experts on October 30, 2017 or at any time thereafter.  Instead, on November 17, 2017, Plaintiffs disclosed only one rebuttal expert (*see id.*, at ¶4), and Plaintiffs thereafter served their rebuttal expert's report on counsel for Great American on November 21, 2017.³

In light of the above, if this action proceeds to trial, Plaintiffs should be precluded from introducing evidence regarding the cause of the subject property damage loss for which they seek coverage in their case-in-chief.  As explained below, the cause of property damage is properly an expert issue, and as Plaintiffs have not disclosed any affirmative expert, but only a rebuttal

---

¹ The Subject Policy covers additional properties other than the 820 Ocean Drive, Miami Beach, Florida Property. However, only the 820 Ocean Drive Property is involved in the subject claim. *See, e.g.*, [D.E. 78], at ¶23.

² Great American and Plaintiffs are jointly referred to herein as "Parties".

³ Great American is separately filing a *Daubert* motion seeking to preclude Plaintiffs' rebuttal expert's testimony.

expert, they should be precluded from putting on evidence regarding the cause of the property damage loss when presenting their case at trial.

## ARGUMENT

In an insurance coverage dispute, such as the case at bar, the cause of property damage is properly an expert issue. As explained by the court in *Matthews v. State Farm Fire & Cas. Co.*, No. 1:10-CV-1641-SCJ, 2012 WL 12964370, at *6-*7 (N.D. Ga. Feb. 3, 2012), *aff'd*, *Matthews v. State Farm Fire & Cas. Co.*, 500 Fed. Appx. 836 (11th Cir. 2012):

> . . . this Court is bound by the Federal Rules of Evidence. Rule 701 of the Federal Rules of Evidence provides that "[i]f the witness is not testifying as an expert (i.e., a lay witness), the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." "[L]ay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" Fed. R. Evid. 701 Adv. Comm. Notes to Fed. R. Civ. P. 701 (2000Amends.). According to Rule 702 of the Federal Rules of Evidence, only a qualified expert witness may offer testimony related to scientific, technical or other specialized knowledge.
>
> The Court finds that testimony regarding inquiries into allegations of structural damage at a home falls within specialized knowledge and is the proper subject of expert testimony . . .

*See also Nix v. State Farm Fire & Cas. Co., Inc.*, 444 Fed. Appx. 388, 390 (11th Cir. 2011) (rejecting insureds' effort to rebut expert testimony as to cause of property damage with lay testimony); *Greer v. Owners Ins. Co.*, 434 F. Supp. 2d 1267, 1283 n.12 (N.D. Fla. 2006) (same); *Johnson v. State Farm Fire & Cas. Co.*, No. 12-00534-N, 2013 WL 4607548, at *10 (S.D. Ala. Aug. 29, 2013) (same); *McPherson v. Allstate Indem. Co.*, No. 3:11cv638-WHA, 2012 WL 1448049, at *8 (M.D. Ala. Apr. 26, 2012 (same).

Moreover, as the name implies, a rebuttal expert may not offer unlimited testimony. Instead, the testimony that a rebuttal expert may provide is limited to rebutting the testimony of

the expert(s) he or she was retained to rebut. *See Lincoln Adventures, L.L.C. v. Certain Underwriters at Lloyds of London*, No. 05–60554–CIV, 2006 WL 5249739, at *2 (S.D. Fla. May 10, 2006); *see also In re Trasylol Prods. Liab. Litig.—MDL–1928*, No. 1:08–MD–01928, 2010 WL 4065501, at *3 (S.D. Fla. Aug. 30, 2010); *Finestone v. Fla. Power & Light Co.*, No. 04–14128–CIV, 2005 WL 6745903, at *1 (S.D. Fla. Nov. 28, 2005).

If this case proceeds to trial, Plaintiffs will present their case first, before Great American calls any witnesses or introduces any evidence. And, as Plaintiffs have not disclosed any affirmative expert witnesses, and the cause of property damage is properly an expert issue, Plaintiffs must therefore be precluded from introducing evidence regarding the cause of the subject property damage loss in presenting their case at trial. As such, the instant motion must be granted.

**WHEREFORE**, defendant, Great American Insurance Company of New York, respectfully requests that the Court grant this motion and preclude Plaintiffs from introducing evidence regarding the cause of the subject property damage loss in presenting their case at trial, and grant such other and further relief as the Court deems necessary and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for movant hereby certifies that he has conferred with counsel for Plaintiffs regarding this motion and the relief sought herein, but that the Parties have been unable to resolve the issues.

Dated: January 5, 2018

MOUND COTTON WOLLAN & GREENGRASS LLP

By:    s/ Lionel F. Rivera
       William D. Wilson, Esq. (Fla. Bar No. 71202)
       wwilson@moundcoton.com
       30A Vreeland Road
       Florham Park, NJ 07932
       Tel. (973) 494-0600
       Fax (973) 242-4244

       Brian M. McKell, Esq. (Fla. Bar No. 975753)
       bmckell@moundcotton.com
       Lionel F. Rivera, Esq. (Fla. Bar No. 88795)
       lrivera@moundcotton.com
       Brooke D. Oransky, Esq. (Fla. Bar No. 113049)
       boransky@moundcotton.com
       101 N.E. Third Avenue, Suite 1500
       Fort Lauderdale, FL 33301
       Tel. (954) 467-5800
       Fax (954) 467-5880

       *Counsel for Defendant,*
       *Great American Ins. Co. of New York*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

CASE NO.: 17-cv-22254-FAM

------------------------------------------------------------X
THE S.O. BEACH CORP., and LARIOS ON :
THE BEACH, INC. :
 :
        Plaintiffs, :
 :
v. :
 :
GREAT AMERICAN INSURANCE :
COMPANY OF NEW YORK, :
 :
        Defendant. :
------------------------------------------------------------X

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

      s/ Lionel F. Rivera
      Lionel F. Rivera, Esq. (Fla. Bar No. 88795)
      lrivera@moundcotton.com
      Mound Cotton Wollan & Greengrass LLP
      101 N.E. Third Avenue, Suite 1500
      Fort Lauderdale, FL 33301
      Tel. (954) 467-5800
      Fax (954) 467-5880
      *Counsel for Defendant,*
      *Great American Ins. Co. of New York*

## SERVICE LIST

### The S.O. Beach Corp., et al. v. Great American Ins. Co. of New York

### CASE NO.: 17-cv-22254-FAM

### United States District Court, Southern District of Florida

Stephen A. Marino, Jr.
Arya Attari Li
Ver Ploeg & Lumpkin, P.A.
100 S.E. Second Street, 30th Floor
Miami, FL 33131
Tel. (305) 577-3996
Fax (305) 577-3558
*Counsel for Plaintiffs,*
*The S.O. Beach Corp., and*
*Larios on the Beach, Inc.*